**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR EVIRONMENTAL
HEALTH
2201 Broadway, Suite 508
Oakland, CA 94612

       *Plaintiff,*

  v.


CHEMIUM INTERNATIONAL
CORPORATION
3773 Richmond Ave. Suite 600
Houston, TX 77046



      *Defendant.*

Case No.

**COMPLAINT FOR DECLARATORY**
**AND INJUNCTIVE RELIEF**


**COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF**

**Introductory Statement**

1.      This is a citizen enforcement suit brought by the Center for Environment

Health ("CEH") to redress and prevent ongoing violations of reporting requirements for

chemical substances under the Toxic Substances Control Act,  15 U.S.C. §§ 2601-2629

("TSCA").

2.      CEH is a non-profit organization striving to protect children and families from

1

harmful chemicals in air, food, water, and everyday products.  CEH protects people from toxic

chemicals by working with communities, businesses, and the government to demand and support

business practices that are safe for human health and the environment.  CEH is headquartered in

Oakland, California.

3.        Defendant Chemium International Corproation ("Chemium") is an distributor

and importer of chemicals subject to reporting obligations under TSCA.  Chemium is

headquartered in Houston, Texas.

4.        CEH files this complaint under TSCA's citizen suit provision, section, 15

U.S.C. § 2619(a), seeking declaratory and injunctive relief to remedy Chemium's TSCA

violations and recovery of CEH's reasonable fees and costs.

5.        Chemium has violated, and continues to violate, the Chemical Data

Reporting ("CDR") rule promulgated by the Environmental Protection Agency ("EPA")

under TSCA by failing to report imports of chemicals subject to the rule in amounts

exceeding 25,000 pounds per year between 2016 and 2019.  The chemicals to which these

violations relate include but are not limited to benzene, methyl tert butyl ether, paraxylene,

pygas, and toluene.  These chemicals were imported between 2016 and 2019 but were not

reported by Chemium by the January 29, 2021 reporting deadline as required by the CDR

rule.

6.        Chemium's failure to report these imports undermines EPA's efforts

under TSCA to evaluate and address chemical risks.  It also prevents the public from

tracking the movement of unsafe chemicals in commerce as well as monitoring their

presence in communities.

7.        June 4, 2025, CEH served Chemium with a presuit notice of violation

that identified Chemium's failure to comply with the CDR rule.  After receiving the

notice, Chemium declined to engage with CEH in efforts to resolve the claims short of

litigation.  Chemium has not remedied its CDR rule noncompliance for failing to report its

imports of benzene, methyl trut butyl ether, paraxylene, pygas, and tolune and likely other

substances.  Absent an order from this Court restraining Chemium's CDR rule violations,

Chemium will continue to violate TSCA.

## TSCA Citizens Suit Provision

8.          Under section 20(a)(1)(B) of TSCA, "any person may commence a civil

action . . . against any person . . . who is alleged to be in violation of this Act . . . to

restrain such violation." 15 U.S.C. § 2619(a).

9.          Section 20(b)(1)(A) provides that no action to restrain a violation of TSCA

may be commenced "before the expiration of 60 days after the plaintiff has given notice of

such violation (i) to the Administrator and (ii) to the person who is alleged to have committed

such violation." 15 U.S.C. § 2619(b).

10.         Civil actions under section 20(a)(1)(B) of TSCA "shall be brought in the

United States District Court for the district in which the alleged violation occurred or in which

the defendant resides or in which the defendant's principal place of business is located . . .

without regard to the amount in controversy or the citizenship of the parties."  15 U.S.C. §

2619(a)(2).

12.         Under section 20(c)(2), the court in an action to restrain a violation under

section 20(a)(1) "may award costs of suit and reasonable fees for attorneys and expert

witnesses if the court determines that such an award is appropriate."  15 U.S.C. §

2619(c)(2).

**TSCA Provisions**

13.      TSCA was enacted in 1976 to create a national program for assessing and

managing the risks of chemicals to human health and the environment.  Among the goals

stated in TSCA section 2(b), 15 U.S.C. § 2601(b), are that: (1) "adequate information

should be developed with respect to the effect of chemical substances and mixtures on

health and the environment" and (2) "adequate authority should exist to regulate chemical

substances and mixtures which present an unreasonable risk of injury to health or the

environment."

14.      The need for this comprehensive framework for managing chemical risks was

described as follows in the Senate Report on the original law:

> As the industry has grown, we have become literally surrounded by a man-made
> chemical environment.  We utilize chemicals in a majority of our daily activities.
> We continually wear, wash with, inhale, and ingest a multitude of chemical
> substances. Many of these chemicals are essential to protect, prolong, and
> enhance our lives.  Yet, too frequently, we have discovered that certain of these
> chemicals present lethal health and environmental dangers.

Senate Rept. No. 94-698, 94th Cong. 2d Sess. (1976) at 3.

15.      After a multi-year effort to overhaul and strengthen its key provisions, TSCA

was amended by the Frank R. Lautenberg Chemical Safety for the 21st Century Act, which took

effect on June 11, 2016.  These TSCA amendments enhance the chemical regulatory authorities

in section 6 by establishing a new integrated process for (1) prioritizing chemicals, (2)

conducting risk evaluations on high- priority chemicals and (3) promulgating rules under section

6(a) to eliminate unreasonable risks identified in risk evaluations.  Congress set strict deadlines

for each of these steps and directed EPA to address a minimum number of chemicals by these

deadlines.  It also removed the impediments to effective regulation by eliminating any

consideration of costs and other non-risk factors in determining whether chemicals present an

unreasonable risk of injury and directing EPA to impose requirements "necessary so that the

chemical no longer presents such [unreasonable] risk."

**TSCA's Chemical Data Reporting Requirements**

16.     TSCA section 8(a)(1) provides that EPA "shall promulgate rules" that require

each person who manufactures or processes a chemical substance to submit such reports as the

"Administrator may reasonably require."  15 U.S. C. § 2607(a).  Because section 3(9) defines

"manufacture" to include "importation," reports must be submitted by importers of chemical

substances subject to these rules.  The rulemaking authority under section 8 is a critical tool to

collect the information on chemical use and exposure necessary for informed and effective risk

evaluation and risk management.

17.     In 2011, EPA promulgated the CDR rule using its authority under TSCA section

8(a)(1).  40 C.F.R. Part 711.  The rule is intended to support EPA's risk assessment and

reduction efforts by providing basic information about the manufacturing, use and exposure

profiles of chemicals in commerce.  As the Agency explained in 2011, the new reporting

requirements:

> will enhance the capabilities of the Agency to ensure risk management actions are
> taken on chemical substances which may pose the greatest concern.  More in-
> depth reporting of the processing and use data, more careful consideration of the
> need for confidentiality claims, and adjustments to the specific data elements are
> important aspects of this action.  By enhancing the data supplied to the Agency,
> EPA expects to more effectively and expeditiously identify and address potential
> risks posed by chemical substances and provide improved access and information
> to the public.

*TSCA Inventory Update Reporting Modifications; Chemical Data Reporting*, 76 Fed. Reg.
50816-0176, 50819 (August 16, 2011).

18.     Under the rule, reporting is required for all chemicals manufactured or imported

5

at a site in volumes of 25,000 pounds or more per facility in a given reporting year.  For

chemicals already regulated under certain TSCA provisions, the reporting threshold is set at

2,500 pounds per reporting year.  Manufacturers and importers subject to the CDR rule must

report every four years.  The most recent reporting cycle was completed in early 2021, with

reports due on January 29, 2021.  For this CDR rule update, activities conducted in calendar

years 2016-2019 determined the application of reporting requirements and the information to be

reported.

19.     Under the CDR rule, reports must be submitted using a "Form U."  Separate

forms must be filed for each manufacture or import site.  The Form U must include

import/manufacture volume for each of the last four years, the number of workers exposed and

basic information about site operations.  It must also include information about industrial,

commercial and consumer uses of the substance at other sites and the potential for exposure

associated with these downstream activities.

20.     In expanding the scope of reporting to capture these data elements, EPA

emphasized that this "exposure information is an essential part of developing risk evaluations

and, based on its experience in using this information, the Agency believes that collecting this

exposure information is critical to its mission of characterizing exposure, identifying potential

risks, and noting uncertainties for [reportable] chemical substances."  *TSCA Inventory Update*

*Reporting Modifications; Chemical Data Reporting*, 76 Fed. Reg. 50816-01, 50823 (August 16,

2011).

21.     Section 15 of TSCA provides that it is unlawful for any person to

> (1) fail or refuse to comply with any requirement of this subchapter or any rule
> promulgated . . . under this title; or . . . . (3) fail or refuse to . . . submit reports,
> notices, or other information; . . . as required by this Act or a rule thereunder

15 U.S.C. § 2614.

22.　　A failure or refusal to comply with the CDR rule constitutes a "fail[ure] or refus[al] to . . . submit reports . . . as required by this Act or a rule thereunder" and thus is an unlawful act under section 15. 15 U.S.C. § 2614.  Noncompliance with the CDR rule therefore constitutes a "violation of this Act" subject to a citizens' suit under section 20(a)(1) of TSCA.  15 U.S.C. § 2647(d).

### Jurisdiction and Venue

23.　　CDR reports must be reported through EPA's Central Data Exchange, an electronic site used for submission of reports to the Agency which is maintained at EPA headquarters at 1200 Pennsylvania Avenue NW in Washington, D.C.

24.　　CDR reports are reviewed and analyzed by EPA's Office of Chemical Safety and Pollution Prevention, which is located at EPA headquarters.

25.　　Chemium's violations of the CDR rule accordingly occurred in the District of Columbia.

26.　　This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 2619(a), under which citizen suits to restrain violations of TSCA "shall be brought in the United States District Court for the district in which the alleged violation occurred."

27.　　Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 2619(a), which provide that the district courts "shall have jurisdiction over suits brought under this section, without regard . . . to the citizenship of the parties" and "process may be served on the defendant in any judicial district in which the defendant resides or may be found."

### CEH's Notice of Intent to Sue

28.　　On June 4, 2025, CEH sent by registered mail a notice of intent to sue under

TSCA's CDR rule to Chemium and EPA Acting Administrator Lee Zeldin.

29.     The presuit notice provided sufficient information for Chemium to identify: (1) the specific provision of TSCA or of the rule or order under TSCA alleged to have been violated; (2) the activity alleged to constitute a violation; (3) the persons responsible for the alleged violation; (4) the location of the alleged violation; (5) the date or dates of the alleged violation as closely as the citizen is able to specify them; and (6) the full name, address, and telephone number of the citizen giving notice. *See* 40 C.F.R. § 702.62(b).  The notice informed Chemium that CEH's investigation was ongoing and that it was likely that Chemium had failed to report numerous substances in violation of the CDR rule.

30.     Chemium received CEH's notice and so did EPA.

31.     After receiving the presuit notice, Chemium made the calculated decision not to engage in efforts to resolve the allegations in CEH's presuit notice letter short of litigation.

32.     Chemium has not remedied the CDR rule violations alleged in this complaint.

33.     EPA has not commenced an action under TSCA to require Chemium to comply with CDR rule requirements under TSCA section 20(b)(1)(B).

**Chemium's Imports of Chemicals During the 2016-2019 CDR Reporting Period**

34.     During the 2020 Reporting Period, in 2016, Chemium received shipments of benzene totaling 7,636,567 pounds.   In 2017, Chemium received shipments of benzene totaling 92,51,564 pounds.  In 2018, Chemium received shipments of benzene totaling 3,071,693,155.  In 2019, Chemium received shipments of benzene totaling 149,952,230.

35.     No Form Us for the benzene shipments were identified in EPA's Central Data Exchange database for the 2020 reporting cycle.

36.     During the 2020 Reporting Period, in 2016, Chemium received methyl tert butyl ether imports totaling 22,805,030 pounds.  In 2017, Chemium received methyl tert butyl ether imports totaling 11,012,077 pounds.

37.     No Form Us for the methyl tert butyl ether imports shipments were identified in EPA's EPA's Central Data Exchange database for the 2020 reporting cycle.

38.     During the 2020 Reporting Period, in 2017, Chemium received shipments of paraxylene totaling 11,551,420 pounds.

39.     No Form Us for the paraxylene shipments were identified in EPA's Central Data Exchange database for the 2020 reporting cycle.

40.     During the 2020 Reporting Period, in 201, Chemium received shipments of pygas totaling 13,869,264.

41.     No Form Us for the pygas shipments were identified in EPA's Central Data Exchange database for the 2020 reporting cycle.

42.     During the 2020 Reporting Period, in 2016, Chemium received shipments of toluene totaling 69,815,185 pounds.  In 2017, Chemakum received toluene imports totaling 22,474,474 pounds.  In 2018, Chemium received toluene imports totaling 10,701,148 pounds. In 2019, Chemium received toluene imports totaling 9,940,259.

**Imports Under the CDR Rule**

43.     State and federal agencies charged with protecting public health need complete and accurate information about the total amount of toxic substances produced and imported in the United States and how and where toxic substances are distributed and used.

44.    The CDR rule is an essential tool for tracking the production and use of toxic substances and Chemium's failure to report large chemical imports under the CDR rule weakens the ability of EPA and local communities to evaluate and protect against potential chemical exposures.

**Claim for Relief**

45.    CEH hereby incorporates by reference the allegations above as if fully set forth herein.

46.    Section 20(a)(1)(B) of TSCA authorizes any person to file suit in a United States District Court against any person alleged be in violation of the Act to restrain such violation.  15 U.S.C. § 2619(a)(1).

47.    CEH provided notice to Chemium and the EPA Administrator more than 60 days before filing this action, as required by TSCA section 20(b)(1).  15 U.S.C. § 2619(b).

48.    Chemium imported many millions of substances subject to the CDR Rule during 2016-2019 period for which it did not report.  The substances are well above the CDR Rule's reporting threshold.

49.    As the importer of these substances, Chemium was and remains in violation of the CDR reporting requirements under 40 C.F.R. § 711.8.

50.    These violations are "prohibited acts" under TSCA section 15 and are "violations of this Act" for purposes of citizen suits under section 20(a)(1)(B).

51.    CEH respectfully requests that the Court order Chemium to report its imports of the eight unreported substances to EPA in compliance with the CDR rule and restrain Chemium from ongoing violations of CDR reporting requirements.

**Request for Relief**

WHEREFORE, CEH respectfully requests judgment in its favor and against Chemium

upon its claims and, further, requests that this Court enter judgment against Chemium as follows:

(1)    Declaring that Chemium's failure to report benzene, methyl tert butyl ether, paraxylene, pygas, and toluene imports during the 2016-2019 reporting period to EPA is a violation of the CDR reporting requirements at 40 C.F.R. Part 711, a "prohibited act" under section 15 of TSCA and a "violation of this Act" actionable in a citizen's suit under section 20(a)(1)(B) of TSCA.  15 U.S.C. §§ 2614 and 2619(a);

(2)    Declaring that CEH has met the notice requirements and other prerequisites for relief under TSCA.  15 U.S.C. § 2619(b);

(3)    Ordering Chemium to file Form Us with EPA for its imports of these eight substances in compliance with the CDR rule requirements at 40 CFR Part 711.  15 U.S.C. § 2616(1);

(4)    Ordering Chemium to audit its manufacturing and import activities to identify any other ongoing violations of CDR reporting requirements and remedy such violations of CDR reporting requirements pursuant to TSCA section 20.  15 U.S.C. § 2616(1);

(5)    Awarding CEH its costs of suit and reasonable fees for attorneys and expert witnesses in this action under 15 U.S.C. § 2619(c)(2); and

(6)    Granting CEH such further and additional relief as the Court may deem just and proper.

Respectfully submitted this 28th day of August 2025

*/s/ Robert M. Sussman*
Robert M. Sussman (DC BAR NO 226746)
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, D.C. 20008
(202) 716-0118
Bobsussman1@comcast.net